UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BEVERLY GRAY STEPHENSON, JR. | ) | Case No. 07-10778-SSM |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | |
| NORMAN CANFIELD | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 07-1087 |
| | ) | |
| BEVERLY GRAY STEPHENSON, JR. | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM OPINION**

Before the court is the motion of the defendant, Beverly Gray Stephenson, Jr. ("the debtor") to dismiss the amended dischargeability complaint filed by Norman Canfield for failure to state a claim for relief. A hearing was held on November 6, 2007, at which the court heard the contentions of the parties and took the matter under advisement. The issue is whether a state court judgment for taxes the debtor failed to pay while managing Canfield's business falls within the discharge exception for debts incurred to pay nondischargeable taxes or, in the alternative, would be nondischargeable under the theory that Canfield's business, having paid the delinquent, nondischargeable taxes, is subrogated to the government's claim. Although the court agrees with the debtor that the pleaded facts do not support the specific discharge exception stated in the amended complaint, the court also concludes that the plaintiff's alternative theory of

1

subrogation is supported by the pleaded facts. Accordingly, the motion to dismiss will be denied.

## Background

The facts alleged in the amended complaint may be briefly stated. Norman's Automotive Services, Inc. ("Norman's Automotive") was owned by Canfield, who entered into an oral agreement by which the debtor would purchase the business under a lease-purchase arrangment for $200,000. The agreement called for monthly payments of $3,500 for the first six months and increasing amounts for each month thereafter, with the debtor immediately taking possession of and operating the business but only receiving the stock to the company once all payments were made. Shortly after the debtor took possession and control of the business, he breached the agreement by failing to make the second monthly lease payment. Norman's Automotive ultimately recovered possession of the business from the debtor in July 2005. It was at that time that Norman's Automotive learned that over the preceding 11 months, the debtor had failed to withhold and pay the required Federal and Virginia state income taxes, Social Security taxes and withholdings, Virginia Employment Commission taxes, and Virginia sales taxes. Norman's Automotive made payments to the Internal Revenue Service and the Commonwealth of Virginia in the amount of $51,411.55, which included penalties and interest from failure to make timely payments. Norman's Automotive then brought suit in the Circuit Court of Fairfax County, Virginia, for breach of contract and obtained a judgment against the debtor for $116,372.76, which included the delinquent taxes Norman's Automotive had paid to the IRS and the Commonwealth of Virginia. At some point not stated in the complaint, Norman's Automotive assigned the judgment to Canfield.

The debtor filed a voluntary petition in this court on March 30, 3007, for relief under chapter 7 of the Bankruptcy Code and received a discharge of his dischargeable debts on July 11, 2007.  That same date, Canfield filed a *pro se* pleading (which the clerk treated as a complaint to determine dischargeability) requesting a "waiver" of the discharge of the taxes.  The amended complaint now before the court was filed after Canfield obtained counsel and seeks a determination that the portion of the judgment representing the taxes paid to the IRS and the Commonwealth of Virginia is nondischargeable.

Discussion

I.

Federal Rule of Civil Procedure 12(b)(6), as incorporated by Federal Rule of Bankruptcy Procedure 7012, allows a court to dismiss a complaint at the outset of the litigation if it fails to state a claim for relief.  The Supreme Court has instructed that a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).  In passing upon the sufficiency of a complaint,

> [t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. ....  [I]t is well established that, in passing on a motion to dismiss ... for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader.

*Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

The amended complaint asserts that the taxes, withholdings, and other payments Norman's Automotive made to the IRS and the Commonwealth of Virginia are exempt from

3

discharge under § 523(a)(14) and (14A), Bankruptcy Code. Section 523(a)(14) provides that a debt "incurred to pay a tax" to the United States is nondischargeable if the tax itself would be nondischargeable under §523(a)(1), Bankruptcy Code. Section 523(a)(14A) provides similar relief with respect to debts incurred to pay state taxes. The debtor asserts that Sections 523(a)(14) and (14A) apply only when the creditor has made a loan of money that the debtor uses to pay taxes. Canfield, in reply, urges that the word "incurred" is broad enough to include liabilities arising from breach of contract or breach of a statutory duty, regardless of whether a loan was made. The court agrees with the debtor that the statutory language does not apply to liabilities that imposed upon a debtor as a result of a failure to pay Federal or state taxes in the absence of a loan or other extension of credit. It is certainly true, as Canfield argues, that the word "incurred" can apply to obligations that are imposed by reason of wrongdoing. According to Black's Law Dictionary the term *incur* means to "have liabilities cast upon one by act or operation of law, as distinguished from contract, where the party acts affirmatively. To become liable or subject to, to bring down upon oneself, as to incur debt, danger, displeasure and penalty, and to become through one's own action liable or subject to." Black's Law Dictionary 768 (6th ed. 1990). However, the word "incurred" does not stand alone in Sections 523(a)(14) and (14A) but as part of the phrase "incurred *to pay*" which plainly implies an element of purpose or intent, in other words, a debt incurred *for the purpose* of paying Federal or state taxes. Had Congress intended Section 523(a)(14) to embrace situations in which the debtor become liable to some party other than the United States because of a *failure* to pay nondischargeable taxes, it would have used the phrase "incurred because of failure to pay" or "arising from failure to pay." The statute, however, says "incurred to pay*"* which is considerably narrower. The legislative history,

moreover, is consistent with the debtor's reading of the statute.  Section 523(a)(14) was added to the Bankruptcy Code by Section 221—entitled "Payment of Taxes with Borrowed Funds"—of the Bankruptcy Reform Act of 1994, Pub. L. 103-394.[1]  The section-by-section analysis of the Act inserted into the Congressional Record during the floor debates explains the purpose of the amendment as follows:

> This section makes loans that are used to pay Federal taxes nondischargeable under section 523.  This will facilitate individuals' ability to use their credit cards to pay their Federal taxes.

140 Cong. Rec. H 10,764 (daily ed. October 4, 1994), *reprinted in* E-1 Collier on Bankruptcy, App. Pt. 9(b) at App. Pt. 9-91 (15th ed. rev. 1996).  Essentially, then, Section 523(a)(14) prevents debtors from borrowing funds from one source to pay an otherwise nondischargeable tax debts nd then seeking to discharge the debt incurred to make the payment.  In the complaint that is presently before the court, there are no allegations that the debtor borrowed, or Norman's Automotive loaned, funds that were used to pay nondischargeable taxes.  Accordingly, giving a straight-forward reading to the statute, the court agrees that the complaint, to the extent it relies on § 523(a)(14) and (14A) of the Bankruptcy Code, fails to state a claim for nondischargeability.

II.

In response to the motion to dismiss, Canfield alternatively argues that even if § 523(a)(14) and (14A) do not apply, the pleaded facts would nevertheless support a claim for nondischargeability on a theory that Norman's Automotive, when it paid the taxes, became equitably subrogated to the claims and remedies of the taxing authorities.  As noted, a complaint

---

[1]  Section 523(a)(14A), the state tax counterpart, was added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109-8.

5

may not be dismissed for failure to state a claim for relief unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Canfield contends that the debtor, as the person in possession and control over the business, was required to pay, and was liable for, all expenses associated with the operation of the business, including taxes and withholdings.

Subrogation is the substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities. *Black's Law Dictionary* 1427 (6th ed. 1990); *In re Reasonover*, 236 B.R. 219, 231 (Bankr. E.D. Va., 1999), *vacated and remanded on other grounds*, 238 F.3d 414 (4th Cir. Dec. 22, 2000) (table) ("Subrogation is an equitable remedy which substitutes another person or entity in the place of the creditor whose claim was satisfied.") Subrogation has been recognized and applied by bankruptcy courts in the context of dischargeability litigation. In *Safeco Ins. Co. v. Norris (In re Norris),* 107 B.R. 592 (Bankr. E.D. Tenn. 1989), for example, a surety paid the fees the debtor had collected for issuing hunting and fishing licenses but had failed to turn over to the state. The court, after an extensive review of the case law, concluded that the majority rule was "that a surety who pays a nondischargeable tax debt has a nondischargeable tax claim against the debtor." *Id.* at 595. Similarly, in *Monsanto Indus. Chemicals, Inc. v. Harris,* 161 B.R. 385 (E.D. Mich. 1993), a debtor's employer erroneously paid worker's compensation benefits to the debtor when they should have been paid over to a state appointed receiver required to collect the proceeds for past-due child support payments. *Id.* at 386. Shortly thereafter, the employer made the proper payments to the receiver and obtained a judgment against the debtor for the amount erroneously

paid to him. *Id.* The debtor filed for bankruptcy relief, and the bankruptcy court held that the debtor's debt to the employer was nondischargeable. *Id.* On appeal, the district court agreed that the employer was subrogated to the original creditor and that the nondischargeable nature of the claim was not changed by reason of the subrogation. *Id.* at 387-88.

Under Virginia law, parties entitled to subrogation are divided into three classes: (1) those acting in the performance of a legal duty who pay their principal's debt, such as sureties; (2) those who are not legally bound to pay the debt, but who might suffer loss if the obligation is not discharged, and who act under the necessity of self-protection; and (3) strangers who act neither under compulsion nor for self-protection, but at the request of some person liable for the debt.. *Reasonover,* 236 B.R. at 231. The case at hand most closely corresponds to the second class of parties. Because the debtor, according to the complaint, was managing the business at a time when Norman's Automotive remained the nominal owner, Norman's Automotive was liable for the employment and withholding taxes. Because Norman's Automotive would suffer loss if it did not pay the delinquent taxes and acted solely for its self-protection, it would be entitled to subrogation.

The debtor, however, contends that an essential element of subrogation is missing, namely, his personal liability to the taxing authorities. As noted, subrogation merely allows the subrogated party to step into the shoes of the original creditor, in this case the taxing authorities. If those authorities had no claim against the debtor, it follows that Norman Automotive cannot have a claim based on subrogation, because it can acquire no greater rights against the debtor than the taxing authorities had. The debtor's position is that since Norman's Automotive

remained the owner of the business, and he was simply the manager, the taxing authorities had claims only against the corporation and not him personally.

This argument, however, ignores the ability of the taxing authorities, at least for certain types of taxes, to impose personal liability on an individual in control of a business who has control over whether taxes are paid. In particular, any person required to collect, or pay over any tax imposed by the IRS, who willfully fails to collect, or pay such a tax, is liable to the IRS for a penalty equal to the amount of the tax owed. 26 U.S.C. § 6672. As the Fourth Circuit has explained,

> 26 U.S.C. § 6672 is intended as a device to recover withholding taxes an employer fails to pay to the government   In order for a person to be held liable under § 6672, two requirements must be satisfied: (1) the party assessed must be a person required to collect, truthfully account for, and pay over the tax, referred to as a "responsible person"; and (2) the responsible person must have willfully failed to insure that the withholding taxes were paid. The term "responsible person" is broad and may include many individuals connected with a corporation, and more than one individual may be the responsible person for an employer.

*O'Connor v. U.S.*, 956 F.2d 48, 50 (4th Cir. 1982). Section 6672 gives the IRS the option of collecting the unpaid taxes from either the employer business or the responsible person. *In re Harper,* 1996 WL 904758 (Bankr. W.D. Va. 1996). The amounts payable by a responsible person, although denoted a "penalty," are treated in bankruptcy as a nondischargeable tax. *In re Garrett.* 126 B.R. 486, 488 (Bankr. E.D. Va. 1991). Because, at least under the pleaded facts, the debtor was the person in control of the business during the period when the taxes were incurred, he would have been personally liable to the government for the amount of those taxes if the failure to pay them was "willful." Accordingly, while Norman's Automobile, in paying the overdue taxes, may have been satisfying its own liability, it was also satisfying the debtor's liability. The court concludes, therefore, that the pleaded facts support a theory that Norman's

8

Automotive, upon payment of the delinquent taxes, was subrogated to the government's claim against the debtor.

A separate order will be entered denying the motion to dismiss.

Date: _____         _____
                                      Stephen S. Mitchell
Alexandria, Virginia                  United States Bankruptcy Judge

Copies to:

Mark E. Sharp, Esquire
Culin, Sharp, Autry & Day, P.L.C.
4124 Leonard Drive
Fairfax, VA 22030
Counsel for the plaintiff

Bennett A. Brown, Esquire
The Law Office of Bennett A. Brown
3905 Railroad Avenue, Suite 200N
Fairfax, VA 22030
Counsel for the defendant

Automotive, upon payment of the delinquent taxes, was subrogated to the government's claim against the debtor.

A separate order will be entered denying the motion to dismiss.

Date: _____         _____
                                      Stephen S. Mitchell
Alexandria, Virginia                  United States Bankruptcy Judge

Copies to:

Mark E. Sharp, Esquire
Culin, Sharp, Autry & Day, P.L.C.
4124 Leonard Drive
Fairfax, VA 22030
Counsel for the plaintiff

Bennett A. Brown, Esquire
The Law Office of Bennett A. Brown
3905 Railroad Avenue, Suite 200N
Fairfax, VA 22030
Counsel for the defendant